IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON W. NORDSTEDT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 22-CV-0414-GKF-CDL |
| | ) |
| DAVID LOUTHAN, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Brandon Nordstedt, an Oklahoma prisoner appearing through counsel, seeks federal habeas relief, under 28 U.S.C. § 2254, from the judgment entered against him in the District Court of Tulsa County, Case No. CF-2015-4383. Respondent David Louthan moves to dismiss Nordstedt's petition for writ of habeas corpus, contending Nordstedt did not file it within the one-year statute of limitations prescribed in 28 U.S.C. § 2244(d)(1). Having considered Nordstedt's petition (Dkt. 2), Louthan's motion to dismiss (Dkt. 6) and brief in support (Dkt. 7), Nordstedt's response in opposition to the motion to dismiss (Dkt. 10), and applicable law, the Court denies Louthan's motion and directs him to file a response addressing the merits of the allegations in the petition.

**I.    Background**

Following a trial in 2016, a jury convicted Nordstedt of first-degree child abuse murder, in violation of Okla. Stat. tit. 21, § 701.7(C). Dkt. 2, at 11; Dkt. 7-2, at 2.[1] The jury recommended a sentence of life without the possibility of parole, and the trial court imposed that sentence. Dkt.

---

[1] The Court's citations refer to the CM/ECF header pagination.

7-2, at 2.  Nordstedt filed a direct appeal, and, on December 6, 2018, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his judgment and sentence.  *Id.* at 1, 41.

Eight days later, on December 14, 2018, Nordstedt filed a pro se motion for suspended sentence in Tulsa County District Court, seeking relief under Okla. Stat. tit. 22, § 994.  Dkt. 7-3.  The parties agree, and the record shows, that motion is pending in state district court.  Dkt. 7, at 6-7; Dkt. 10, at 2; *see* Dkt. 7-4 (state district court docket sheet).

On March 2, 2020, Nordstedt, through counsel, filed an application for postconviction relief, under Okla. Stat. tit. 22, § 1080, a brief in support of that application, and a motion for postconviction DNA testing, under Okla. Stat. tit. 22, § 1373.  Dkt. 7-4, at 22.  The state district court denied Nordstedt's motion for postconviction DNA testing on October 1, 2020.  *Id.* at 24.  Nordstedt filed a notice of postconviction DNA appeal, but it is not clear from the record whether he perfected that appeal.  *Id.* at 24-25; Dkt. 7-35.  Nordstedt supplemented his application for postconviction relief with a new claim on October 8, 2021, and the state district court denied his application on November 23, 2021.  Dkts. 7-36, 7-38.  Nordstedt perfected a postconviction appeal to challenge that ruling and, on September 14, 2022, the OCCA affirmed the denial of postconviction relief.  Dkt. 7-39.

Nordstedt filed his federal habeas petition on September 26, 2022.  Dkt. 2, at 1.

**II.     Discussion**

Louthan contends this action should be dismissed because Nordstedt's claims are barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations.  Dkts. 6, 7.  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner seeking federal habeas relief from a state-court judgment generally has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a

petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1)(A).[2] But the one-year limitation period is tolled, or suspended, for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The parties agree, and the Court finds, that Nordstedt's judgment became final on March 6, 2019, after the OCCA affirmed the judgment on December 6, 2018, and the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court expired. Dkt. 7, at 17; Dkt. 10, at 1; *see Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the 'conclusion of direct review'—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court, expires."). His one-year limitation period commenced the next day, March 7, 2019, and, absent any tolling events, expired March 7, 2020. *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011); *United States v. Hurst*, 322 F.3d 1256, 1259-61 (10th Cir. 2003).

The parties disagree as to whether the petition, filed September 26, 2022, is timely with the benefit of statutory tolling. In Louthan's view, the one-year limitation period was tolled between March 2, 2020, when Nordstedt filed his application for postconviction relief, and September 14, 2022, when the OCCA affirmed the denial of postconviction relief. Dkt. 7, at 17. Applying this tolling period, Louthan contends Nordstedt filed his petition one week after the one-year limitation period expired because the limitation period ran for 360 days before Nordstedt filed

---

[2] The one-year limitation period may also commence on a later date under 28 U.S.C. § 2244(d)(1)(B), (C), or (D). Because neither party suggests any of these subsections apply, the Court considers only whether the petition is timely under § 2244(d)(1)(A).

the application for postconviction relief, leaving him only five days after the OCCA's September 14, 2022, decision, or until September 19, 2022, to file a timely habeas petition. *Id.* Nordstedt contends the one-year limitation period was tolled immediately upon commencement, and remains tolled, because the state district court has not resolved the pro se motion for suspended sentence he filed on December 14, 2018. Dkt. 10, at 1-4. Louthan concedes that the pro se motion for suspended sentence is pending but contends a motion filed under Okla. Stat. tit. § 994 is not a "properly filed application for State post-conviction or other collateral review" for purposes of § 2244(d)(2). Dkt. 7, at 6-7, 17-24.[3]

Whether § 2244(d)(2)'s tolling provision applies is a question of federal law. But state law necessarily informs the analysis of that question because only applications or motions seeking *state* postconviction remedies toll the limitation period. *See Duncan v. Walker*, 533 U.S. 167, 172-73 (2001) (interpreting the phrase "application for State post-conviction or other collateral review" in § 2244(d)(2) as referring only to "the pursuit of state remedies" and holding that "an application for federal habeas review" does not qualify as a tolling motion). In addition, a federal court must "look to state law to determine whether an application is 'properly filed'" for purposes of § 2244(d)(2). *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000); *see also Artuz v. Bennett*, 531 U.S. 4, 8, 11 (2000) (explaining that federal court considering whether application is "properly filed" must determine whether the "application for State post-conviction or other collateral review" complies with "filing conditions" imposed by state law); *Habteselassie v. Novak*, 209 F.3d 1208,

---

[3] Louthan also asserts, in a footnote, that the motion for postconviction DNA testing, filed March 2, 2020, is not a motion for "collateral review" for purposes of § 2244(d)(2). Dkt. 7, at 17 n.5. Because Nordstedt filed that motion the same day as he filed the application for postconviction relief, and the state district court denied that motion while the application for postconviction relief was pending, the Court finds it unnecessary to consider whether a motion for postconviction DNA testing, filed under Okla. Stat. tit. 22, § 1373, qualifies as a tolling motion under § 2244(d)(2).

1210-11 (10th Cir. 2000) (holding "that a 'properly filed' application is one filed according to the filing requirements for a motion for state post-conviction relief" and providing examples of filing requirements). Likewise, a federal court must consider applicable state procedural rules in determining whether an application for state postconviction or other collateral review is "pending." *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (concluding that an application for state postconviction or other collateral review "remains pending until the application has achieved final resolution through the State's postconviction procedures") (internal quotation marks omitted) (quoting *Carey v. Saffold*, 536 U.S. 214, 220 (2002))).

Because the parties' dispute centers on whether a motion for suspended sentence, filed under Okla. Stat. tit. 22, § 994, tolls the AEDPA's one-year limitation period, the Court begins its analysis by looking to the language of that statute. Section 994 provides:

> After appeal, when any criminal conviction is affirmed, either in whole or in part, the court in which the defendant was originally convicted may suspend the judgment and sentence as otherwise provided by law. Jurisdiction for such suspension shall be vested in said trial court by a request by the defendant within ten (10) days of the final order of the Court of Criminal Appeals. Any order granting or denying suspension made under the provisions of this section is a nonappealable order.

Okla. Stat. tit. 22, § 994.

Louthan does not seriously dispute, nor could he, that Nordstedt "properly filed" his motion for suspended sentence (hereafter, "§ 994 motion"). The plain language of this statute reveals only three filing conditions: (1) the defendant's criminal conviction must have been affirmed, in whole or in part, on appeal; (2) the defendant must file the motion for suspended sentence within ten days of the OCCA's final order; and (3) the defendant must file the motion for suspended sentence in the trial court. Nordstedt satisfied all three conditions because the OCCA affirmed his judgment and sentence on December 6, 2018, and he filed the motion eight days later, on December 14, 2018, in his criminal case, Tulsa County District Court Case No. CF-2015-4383. Thus, the § 994

motion was "properly filed" for purposes of § 2244(d)(2). *Bennett*, 531 U.S. at 8, 11; *Habteselassie*, 209 F.3d at 1210-11. Nor does Louthan contest that the § 994 motion is "pending" because the state district court—i.e., the state's final decisionmaker as to a § 994 motion—has not ruled on the motion. *Lawrence*, 549 U.S. at 332.

Instead, Louthan contends the § 994 motion is neither an "application for State post-conviction . . . review" nor an "application for . . . other collateral review" for purposes of § 2244(d)(2). Dkt. 7, at 17-24; *see Walker*, 533 U.S. at 177 ("Congress may have refrained from exclusive reliance on the term 'post-conviction' so as to leave no doubt that the tolling provision applies to all types of state collateral review available after a conviction and not just to those denominated 'post-conviction' in the parlance of a particular jurisdiction."). The Court agrees, but only in part.

First, Louthan asserts that "Oklahoma's Post-Conviction Procedure Act is the only vehicle for challenging a criminal conviction and sentence outside of direct appeals" and contends the § 994 motion should not be considered a "properly filed application for post-conviction relief" because Okla. Stat. tit. 22, § 1081 provides that a "proceeding" under Oklahoma's Post-Conviction Procedure Act "is commenced by filing a verified 'application for post-conviction relief' with the clerk of court imposing judgment if an appeal is not pending." Dkt. 7, at 18-19. The Court agrees that the § 994 motion is not a "properly filed application for State post-conviction . . . review," as contemplated by § 2244(d)(2). As Louthan contends, Oklahoma's Post-Conviction Procedure Act, Okla. Stat. tit. 22, §§ 1080-1088.1, governs the procedures for filing an application for postconviction relief in Oklahoma and requires an applicant to request postconviction relief by filing a verified application for postconviction relief. But this is beside the point because Nordstedt's pending motion seeks relief under § 994, not under § 1080. And the Court disagrees

with Louthan's assertion that "Oklahoma's Post-Conviction Procedure Act is the only vehicle for challenging a criminal conviction and sentence outside of direct appeals." Dkt. 7, at 18. Significantly, the OCCA decision Louthan cites to support this assertion directly contradicts Louthan's view that the Oklahoma Post-Conviction Procedure Act provides the exclusive remedy for a defendant to seek review of a criminal conviction and sentence outside of the direct appeal process. *See Metoyer v. State*, 526 P.3d 1158, 1165 (Okla. Crim. App. 2022) (explaining that "the Legislature has provided several ways for courts to exercise their discretion post-verdict with respect to sentencing" and identifying Okla. Stat. tit. 22, § 994 as one statute that permits a trial court to review a sentencing decision). Thus, Louthan's argument that the existence of the Oklahoma Post-Conviction Procedure Act precludes the possibility that Nordstedt's § 994 motion may qualify as a tolling motion under § 2244(d)(2)—and his related argument that the § 994 motion was not "properly filed" under Okla. Stat. tit. 22, § 1081—are unavailing.

Second, Louthan contends the § 994 motion "do[es] not fit within the definition of 'other collateral review' as contemplated by" § 2244(d)(2). Dkt. 7, at 19-24. Again, the Court disagrees. The United States Supreme Court has broadly interpreted the phrase "collateral review" to "mean[] judicial review of a judgment in a proceeding that is not part of direct review." *Wall v. Kholi*, 562 U.S. 545, 547 (2011); *see also id.* at 553 ("Viewed as a whole, then, 'collateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process."); *id.* at 560 ("We thus define 'collateral review' according to its ordinary meaning: It refers to judicial review that occurs in a proceeding outside of the direct review process."). Applying this broad interpretation of "collateral review," the *Kholi* Court considered whether a motion to reduce sentence under Rhode Island law, specifically Rule 35 of the Rhode Island Superior Court Rules of Criminal Procedure, is a tolling motion under

§ 2244(d)(2). In concluding that a Rhode Island Rule 35 motion is a tolling motion, the *Kholi* Court considered (1) whether the proceeding initiated by filing the motion is "collateral," i.e., "not part of the direct review process," and (2) whether, under the applicable state rule or law, the court's decision on the motion "involves judicial reexamination" of a judgment, sentence, or claim. 562 U.S. at 553-56.

Louthan appears to recognize the breadth of *Kholi*'s interpretation of "collateral review," but attempts to distinguish the § 994 motion at issue in this case from the Rule 35 motion at issue in *Kholi*. Dkt. 7, at 19-24. For example, he asserts that "Oklahoma's Section 994 is radically different from the Rhode Island rule at issue in *Kholi*," and contends a § 994 motion for suspended sentence is more like a Florida Rule 3.800(c) motion for discretionary sentence, the latter of which the United States Court of Appeals for the Eleventh Circuit concluded, in *Baker v. McNeil*, 439 F. App'x 786, 787 (11th Cir. 2011), is not a motion for collateral review. Dkt. 7, at 19-21.[4] Louthan argues that "[m]otions for a suspended sentence under § 994 are," like motions under the Florida

---

[4] Curiously, Louthan acknowledges that the Eleventh Circuit departed from its analysis in *Baker* in *Rogers v. Sec'y Dep't of Corr.*, 855 F.3d 1274, 1278 & n.1 (11th Cir. 2017), but Louthan asserts "this Court is not bound by the Eleventh Circuit's departure from its own analysis." Dkt. 7, at 21 n.7; *see Garcia by Garcia v. Miera*, 817 F.2d 650, 658 (10th Cir. 1987) ("[T]he decisions of one circuit court of appeals are not binding upon another circuit."). The non-binding effect of *Baker*, an unpublished out-of-circuit decision, is even stronger than the non-binding effect of *Rogers*. And the Eleventh Circuit's reasoning in *Rogers* is persuasive, whereas its reasoning in *Baker* is not. In *Baker*, the Eleventh Circuit concluded *Kholi* did not abrogate its prior holding in *Alexander v. Sec'y Dep't of Corr.*, 523 F.3d 1291, 1297-98 (11th Cir. 2008), "that a Rule 3.800(c) motion that was only a plea for leniency, but not an attack on the constitutionality or legal correctness of the sentence, was not a tolling motion." *Baker*, 439 F. App'x at 787-89. In *Rogers*, the Eleventh Circuit recognized that *Alexander* was on the wrong side of the circuit split that *Kholi* resolved when *Kholi* held "that an application for collateral review need not challenge the legality of a sentence," and rejected the attempt to distinguish Florida Rule 3.800(c) from Rhode Island Rule 35 on the basis of two additional arguments Louthan makes here by concluding that "[n]o requirement exists that an application for collateral review include the ability to appeal a trial court's reexamination of a sentence [or] that a legal standard govern the reexamination." *Rogers*, 855 F.3d at 1278.

8

rule, "unappealable" and merely request leniency and, thus, should not be considered motions for collateral review. *Id.* at 21, 24. In addition, he attempts to distinguish a § 994 motion for suspended sentence from a Wyoming Rule of Criminal Procedure 35(b) motion for sentence reduction, the latter of which the United States Court of Appeals for the Tenth Circuit concluded, in *Najera v. Murphy*, 462 F. App'x 827, 830 (10th Cir. 2012), is a motion for collateral review. *Id.* at 22-23. Finally, Louthan argues that a § 994 motion should not be considered a motion for collateral review because: (1) § 994 "is not a vehicle for correcting an illegal sentence"; (2) other Oklahoma statutes permit defendants to challenge illegal sentences; (3) § 994 provides trial courts with no "guiding legal principles"; (4) a trial court's ruling on a § 994 motion "is not subject to appellate review and is thus insulated from any legal challenge"; and (5) "the remedy afforded by [§ 994] is only ever capable of changing the way the sentence is executed" and does not "alter[] the sentence imposed by the jury." *Id.* at 23-24.

Critically, the *Kholi* Court rejected some of these same arguments. *See, e.g.*, *Kholi*, 562 U.S. at 557-58 ("Just because the phrase 'collateral review' encompasses proceedings that challenge the lawfulness of a prior judgment, it does not follow that other proceedings may not also be described as involving 'collateral review.'"); *id.* at 558 (rejecting proposition that "a prisoner's state application [that] merely seeks sentencing leniency" cannot toll the AEDPA's one-year limitation period). Moreover, as Nordstedt argues, each federal district court in Oklahoma, applying *Kholi*'s broad interpretation of "collateral review," has concluded that a § 994 motion, if properly filed, qualifies as a tolling motion under § 2244(d)(2). Dkt. 10, at 1-4; *see Estes v. Crow*, No. CIV-20-031-RAW-KEW, 2022 WL 301598, at *3-4 (E.D. Okla. Feb. 1, 2022) (unpublished); *Clements v. Franklin*, No. CIV-12-247-W, 2012 WL 2344430, at *3 (W.D. Okla. May 8, 2012) (unpublished); *Hackett v. Parker*, No. 11-CV-322-GKF-tlw, 2012 WL 1029545, at *4 (N.D. Okla.

9

Mar. 26, 2012) (unpublished).[5] And, in *Hackett*, this court rejected many of the same arguments Louthan makes here. In doing so, this court stated:

> The Court recognizes that, unlike the Rhode Island law at issue in [*Kholi*], Oklahoma law governing motions for suspended sentence or for judicial review does not provide for appellate review of a trial judge's ruling. However, that distinction does not alter the fact that trial court judges in Oklahoma "review" and have the authority to modify sentences pursuant to motions filed under Okla. Stat. tit. 22, §§ 982a and 994. The Court further recognizes Respondent's argument that the motion for a suspended sentence filed in this case under Okla. Stat. tit. 22, § 994, was a request for leniency as opposed to a challenge to the legality of Petitioner's sentence and, for that reason, should not qualify as a motion for "collateral review" under § 2244(d)(2). Significantly, however, the Supreme Court considered and rejected Rhode Island's arguments that the Court's prior opinions as well as other AEDPA provisions had restricted the precise phrase "collateral review" to refer to proceedings that challenge the lawfulness of a prior judgment. In addition, the Court described as "problematic" Rhode Island's interpretation of § 2244(d)(2) that would require federal habeas courts to separate motions for a reduced sentence into two categories, "those that challenge a sentence on legal grounds and those that merely ask for leniency." *Id.* at 1288. Yet, in this case, Respondent asks the Court to do just that, i.e., refuse to consider Petitioner's "pro se motion for suspended sentence" as a motion for "collateral review" because it is a plea for leniency as opposed to a challenge to the legality of the sentence.

*Hackett*, 2012 WL 1029545, at *4. The court further reasoned that,

> Unlike the Rhode Island law analyzed in [*Kholi*], Oklahoma law provides separate statutory provisions for requesting post-direct appeal sentencing leniency, *see* Okla. Stat. tit. 22, §§ 982a and 994, and for post-direct appeal challenges to the legality of a sentence, *see* Okla. Stat. tit. 22, § 1080, et seq. Nonetheless, the Supreme Court determined that there was no need to draw a distinction between the two types of motions filed under the Rhode Island law. *See* [*Kholi*], 131 S. Ct. at 1287-88. Both types of motions, regardless of whether they seek sentencing leniency or challenge the legality of a sentence, qualify as motions for "collateral review" within the meaning of § 2244(d). *Id.*

*Hackett*, 2012 WL 1029545, at *4 n.6. Louthan's reliance on *Baker*, an unpublished out-of-circuit decision not even followed in its own circuit, and his repackaging of arguments rejected over a decade ago in *Kholi* and *Hackett* do not persuade this Court that a properly filed § 994 motion falls

---

[5] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

outside *Kholi*'s broad definition of "collateral review." The Court thus concludes that a § 994 motion is an "application for . . . other collateral review" for purposes of § 2244(d)(2).

**III.     Conclusion**

Because Nordstedt's § 994 motion is a properly filed application for collateral review, his one-year limitation period was tolled as soon as it commenced on March 7, 2019. *See Robinson v. Whitten*, No. 20-CV-0086-GKF-CDL, 2020 WL 7409596, at *7 (N.D. Okla. Dec. 17, 2020) (unpublished) (noting that application for postconviction relief or other collateral review filed before one-year limitation period begins has no tolling effect until the date the limitation period begins). And, as Nordstedt contends, his limitation period remains tolled because the state district court has not ruled on his § 994 motion. *Lawrence*, 549 U.S. at 332. As a result, Nordstedt's petition for writ of habeas corpus is not barred by the one-year statute of limitations.

**IT IS THEREFORE ORDERED** that Louthan's motion to dismiss (Dkt. 6) is **denied**. No later than 30 days after the entry of this opinion and order, Louthan shall file an answer to the petition, in accordance with Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, addressing the merits of Nordstedt's habeas claims and shall submit with the answer any additional portions of the state-court record, not previously submitted to the Court, that are necessary to adjudicate those claims.

**IT IS FURTHER ORDERED** that Nordstedt may file an optional reply brief no later than 30 days after Louthan files the answer.

**DATED** this 26th day of May, 2023.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma